## No. 11,524.

### STATE OF LOUISIANA VS. NORA OLIVER.

The rule is well established in criminal cases, in matters of applications for new trials, that the affidavit alone of the applicant is not sufficient. It must be supported by the affidavits of others, and, when possible, by those of the newly-discovered witnesses.

APPEAL from the Sixth Judicial District Court, Parish of Richland. *Ellis, J.*

*M. J. Cunningham*, Attorney General, for State, Appellee:

This appeal presents no question of law which would justify this court in reversing the sentence and judgment appealed from. Applications for new trials in criminal cases are addressed to the judicial discretion of the presiding judge, whose action will not be reviewed unless that discretion is clearly abused, to the injury of appellant. In this case the application appealed to the equitable consideration of the judge, who doubtless gave due weight to the reasons urged, and is presumed to have refused the application because he was satisfied from his knowledge of the case that it was without merit.

*Robert Whetstone* Attorney for Defendant and Appellant filed brief, citing: 8 R. 529, 535, 583; 30 An. 536; 34 An. 100; 10 An. 25; 31 An. 191, 346, 482; 36 An. 87; 29 An. 589; 38 An. 608.

The opinion of the court was delivered by

NICHOLLS, C. J. The only question submitted to us in this case is the correctness or incorrectness of the action of the district judge in refusing defendant a new trial.

It is well settled that applications for new trial in criminal cases are addressed to the sound judicial discretion of the presiding judge, whose conclusions will be sustained unless manifestly wrong. There is nothing in this case calling for a reversal. The application rests entirely upon defendant's own affidavit.

In State vs. Washington, 36 An. 341, we said: "Applications for new trials in criminal cases on the ground of newly discovered evidence must always be received with caution. The inducements to false swearing on the part of the person convicted are obvious, and therefore the rule is well established that his affidavit alone will not suffice. It must be supported by affidavits of others, and when possible by those of the newly discovered witnesses. The mere statement that the accused did not know of the testimony in time to have brought it forward is not sufficient." Expressions of similar import will be found in State vs. Cotton, 36 An. 980, and in 36 An. 87, State vs. Hyland.

Judgment affirmed.